IN THE UNITED STATE DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
Civil Case No. 3:24-cv-771

| | |
|---|---|
| KHAIRI WILLIAMS,<br><br>　　　　Plaintiff,<br><br>v.<br><br>CITY OF CHARLOTTE et al.,<br><br>　　　　Defendants. | **DEFENDANT MATTHEW RATCHFORD'S REPLY BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT** |

Defendant Officer Matthew Ratchford respectfully submits this Reply in support of his Motion for Summary Judgment (Doc. 79). This case is substantially narrower than Plaintiff's Response Brief (Doc. 84) suggests. After the Honorable Frank D. Whitney's Order on Defendants' Motion to Dismiss (Doc. 70), the only claims that remain against Officer Ratchford in his individual capacity are a Fourth Amendment excessive force claim and state law claims for assault and battery and negligence.

Judge Whitney's prior determinations frame the scope of the remaining claims and inform the objective reasonableness analysis now before the Court. Under the law of the case doctrine, prior rulings of this Court govern subsequent stages of the same litigation absent extraordinary circumstances.

Plaintiff's Response attempts to reframe a brief, one-minute struggle with an actively resisting suspect during a domestic violence investigation involving choking as a prolonged and gratuitous use of force incident. However, the undisputed video

evidence refutes this theory. It shows active resistance, the absence of secured handcuffs at the time shoulder-blade pressure was applied, and that force ceased upon restraint. Under *Graham v. Connor*, 490 U.S. 386 (1989), the force used was objectively reasonable as a matter of law. As a result, the federal and state law claims that remain fail. Even if this Court were to conclude factual issues remain as to whether Officer Ratchford violated Mr. Williams' constitutional rights, Plaintiff identifies no clearly established Fourth Circuit authority prohibiting the specific conduct at issue and thus qualified immunity applies. Finally, public official immunity precludes the remaining state law claims against Officer Ratchford.

## ARGUMENT

### I. The *Graham* factors support that Officer Ratchford's actions were objectively reasonable as a matter of law.

Officers Ratchford and his fellow officers were responding to allegations of domestic assault involving choking and a reported firearm. Plaintiff had not been frisked and walked away with his hands in his pockets. The threat assessment remained unresolved. Plaintiff actively resisted the officers. In particular, the Court has already recognized that Plaintiff flailed, swung his arms, and struck an officer. (Doc. 70 at 2.) That factual context is binding at this stage. The video evidence also confirms continued resistance while officers attempted to secure Mr. Williams. Active resistance materially alters the constitutional analysis. See *Sigman v. Town of Chapel Hill*, 161 F.3d 782, 787 (4th Cir. 1998).

## II. The force Officer Ratchford used was limited in duration and stopped once Mr. Williams was under control.

The encounter between the officers and Mr. Williams lasted approximately one minute from takedown to handcuffing. No strikes were delivered. No taser was deployed. No chokehold was used. The use of force stopped once handcuffs were secured. This case is materially distinguishable from *Estate of Jones v. City of Martinsburg*, 961 F.3d 661 (4th Cir. 2020) where officers continued striking and tasing a suspect after control had been achieved and fired 22 shots at him. Here, the force was used only during active resistance.

Plaintiff represents that *Kingsley v. Hendrickson*, 576 U.S. 389 (2015) "emphasize[d]" that "continued force used after control is achieved may be unreasonable where officers fail to temper or limit force once the justification for it dissipates." (Doc. 84 at 8). In reality, the *Kingsley* Court simply reiterated a non-exhaustive list of factors to be considered when analyzing the reasonableness of an excessive force claim:

> Considerations such as the following may bear on the reasonableness or unreasonableness of the force used: the relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or to limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting. See, *e.g., Graham, supra,* at 396, 109 S.Ct. 1865. We do not consider this list to be exclusive. We mention these factors only to illustrate the types of objective circumstances potentially relevant to a determination of excessive force.

*Id.* at 397.

The *Kinglsey* case only further supports Officer Ratchford's entitlement to summary judgment. Specifically, when one applies this non-exhaustive list to the instant case, it is evident that summary judgment is appropriate here:

| FACTOR | APPLIED TO INSTANT CASE |
|---|---|
| The relationship between the need for the use of force and the amount of force used | Defendant Ratchford and his fellow officers used soft empty hands which is the lowest level of physical force that exists on the use of force continuum. (Ex. 6 at 101:11-18). |
| The extent of the plaintiff's injury | Plaintiff sustained no documented injuries during the encounter and refused medical attention (Video Ex. 5 at 4:24:45 PM (Medic: You want us to check your stomach real quick or you good? Mr. Williams: "No. Fuck you."). Ex. 1 at 146:14-18; 150:4-6; 162:21-163:4). Mr. Williams testified that at most he had "minor aches and pains" post-incident. (Ex. 1 at 146:19-23). |
| Any effort made by the officer to temper or to limit the amount of force | Officers spent approximately one minute getting Mr. Williams in handcuffs due to his resistance. (See Video Ex. 5 at 4:17:32 to 4:18:35). In other words, the time spent was short and the force issued was minimal. |
| The severity of the security problem at issue | This event occurred in a busy apartment complex. You can see children and other bystanders throughout the video footage. |
| The threat reasonably perceived by the officer | This was a Priority 1 domestic violence call involving children, a weapon and strangulation. |
| Whether the plaintiff was actively resisting | Judge Whitney has already concluded "Plaintiff's footage clearly shows Plaintiff resisting arrest." (Doc. 70). |

### III. There is no video ambiguity that saves this case from dismissal.

Plaintiff relies on *Bermeo v. Andis*, 163 F.4th 87 (4th Cir. 2025), to argue that video ambiguity precludes summary judgment. *Bermeo* prevents courts from resolving genuine disputes of material fact where video evidence reasonably supports competing narratives. That is not what we have here. The material facts relevant to the *Graham* analysis—active resistance, lack of secured handcuffs, and brief duration—are not genuinely disputed by the video evidence.

*Scott v. Harris*, 550 U.S. 372 (2007) controls here. As the Fourth Circuit explained in interpreting *Scott*: "In particular, where, as here, the record contains an unchallenged videotape capturing the events in question, we must only credit the plaintiff's version of the facts **to the extent it is not contradicted by the videotape**." *Iko v. Shreve*, 535 F.3d 225, 230 (4th Cir. 2008). (Emphasis added.)

### IV. Qualified immunity independently requires summary judgment.

Plaintiff identifies no Fourth Circuit authority holding that applying shoulder-blade pressure for approximately one minute during active resistance violates the Fourth Amendment. At a minimum, reasonable officers could disagree regarding the legality of the conduct at issue. Accordingly, Officer Ratchford is entitled to qualified immunity. See *Ashcroft v. al–Kidd,* 563 U.S. 731 (2011).

### V. The dismissal of Plaintiff's Fourth Amendment claim necessitates dismissal of Plaintiff's state law claims as does Officer Ratchford's entitlement to public official immunity.

The Fourth Circuit has recognized that, "the jurisprudence governing Fourth Amendment excessive force actions also controls a party's actions for battery and gross negligence." *Craven v. Novelli*, 661 F. Supp. 3d 430, 453–54 (W.D.N.C. 2023), *aff'd*, No. 23-1393, 2024 WL 1952590 (4th Cir. May 3, 2024) (Internal citations omitted). Therefore, "state law tort claims that are premised on an officer's reasonable, non-excessive use of force are not actionable under North Carolina law." *Id.* (Internal citations omitted).

Because Plaintiff has failed to establish that Officer Ratchford used excessive force or otherwise violated Mr. Williams' constitutional rights, Officer Ratchford is entitled to summary judgment on Plaintiff's state law negligence and assault and battery claims. Finally, because there is no indication that Officer Ratchford acted with malice towards Mr. Williams, he is entitled to public official immunity. See *Main v. Wingler*, 2024 WL 871384, at *7 (W.D.N.C. Feb. 29, 2024).

## CONCLUSION

The remaining claims before the Court are narrow. The Court has already recognized Plaintiff's active resistance. The undisputed record demonstrates that reasonable force was used during that resistance and ceased upon restraint. No clearly established law prohibited the conduct at issue. No evidence of malice has been forecast. For the foregoing reasons, Officer Matthew Ratchford respectfully requests that the Court grant his Motion for Summary Judgment.

THIS 4th day of March, 2026.

/s/ Lori R. Keeton

Lori R. Keeton, N.C. State Bar # 25813
Law Offices of Lori Keeton
6000 Fairview Road, Suite 1200
Charlotte, North Carolina 28210
Phone:  704-575-9204
Facsimile:  704-919-5059
Email:  lkeeton@lorikeetonlaw.com
***Attorney for Defendant Officer Matthew Ratchford***

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing **OFFICER MATTHEW RATCHFORD'S REPLY BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT** was served on all counsel of record through ECF.

THIS 4th day of March, 2026.

/s/ Lori R. Keeton
Lori R. Keeton, N.C. State Bar # 25813
Law Offices of Lori Keeton
6000 Fairview Road, Suite 1200
Charlotte, North Carolina 28210
Phone: 704-575-9204
Facsimile: 704-919-5059
Email: lkeeton@lorikeetonlaw.com
*Attorney for Defendant Officer Matthew Ratchford*

## CERTIFICATION OF COMPLIANCE WITH STANDING ORDER IN RE: USE OF ARTIFICIAL INTELLIGENCE

I hereby certify that the foregoing Defendant Officer Matthew Ratchford's Reply Brief in Support of Motion for Summary Judgment complies with the requirements set forth in this Court's Standing Order In Re: Use of Artificial Intelligence (3:24-mc-104).

No artificial intelligence was employed in doing the research for the preparation of this document, with the exception of such artificial intelligence embedded in the standard on-line legal research sources Westlaw, Lexis, FastCase, and Bloomberg.

Every statement and every citation to an authority contained in this document has been verified by an attorney in this case and/or a paralegal working at his/her direction as to the accuracy of the proposition for which it is offered, and the citation to authority provided.

This 4th day of March, 2026.

                                                s/ Lori R. Keeton
                                                Lori R. Keeton, N.C. State Bar # 25813
                                                Law Offices of Lori Keeton
                                                6000 Fairview Road, Suite 1200
                                                Charlotte, North Carolina 28210
                                                Phone: 704-575-9204
                                                Facsimile: 704-919-5059
                                                Email: lkeeton@lorikeetonlaw.com
                                                ***Attorney for Defendant Officer Matthew Ratchford***